## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANDREW F. DUFFY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-09-529-D |
| | ) | |
| JEFF FRANKLIN, VERDEN POLICE CHIEF, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Andrew F. Duffy, Jr., a pretrial detainee appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights.[1]  The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).  An initial review of Plaintiff's Complaint has been conducted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  For the reasons set forth below, it is recommended that the action be dismissed as the claims raised in the Complaint fail to state a claim upon which § 1983 relief may be granted.

### I.      Factual Allegations of the Complaint

Plaintiff is a pretrial detainee currently incarcerated at the Grady County Detention Center (GCDC) in Chickasha, Oklahoma.  Plaintiff alleges Larry Wallace, a former inmate

---

[1]Mr. Duffy has filed another §1983 action currently pending in this judicial district arising out of the same events which form the basis of the claims raised in this action, though he names a different individual as the defendant in that action.  *See Duffy v. Wyatt*, Case No. CIV-09-485-D.  The Court has simultaneously filed a Report and Recommendation in that action recommending, as here, summary dismissal of the action.

he had befriended, and who has now been released from GCDC, filed a false repair lien on

Plaintiff's car and that as a result of the false lien, ownership of the car has been transferred

to Mr. Wallace.  Plaintiff alleges he has written letters, submitted affidavits and submitted

written requests and grievances advising the various law enforcement defendants and other

individuals of the facts surrounding Mr. Wallace's unlawful confiscation of his car.  Plaintiff

claims he wants to file a criminal complaint against Mr. Wallace but has been told he has no

right to file such a complaint.

## II.    Plaintiff's Claims

Plaintiff brings a single claim for relief, alleging that he has been deprived of property

without due process of law. Plaintiff names as defendants in this action, Jeff Franklin, Chief

of Police, Verden, Oklahoma, Art Kell, Sheriff of Grady County, Oklahoma, and Brett

Burns, District Attorney of Grady County, Oklahoma.  As relief, Plaintiff requests: (1) the

right to file criminal charges against Larry Wallace for theft of Plaintiff's car; (2) restitution

for the car and property left in the car; (3) the revocation of the license of title agent Sandra

Fuller[2]; (4) compensation for medical bills related to an ulcer caused by the theft of his car;

(5) $10,000 for pain and suffering; and (6) ten million dollars in punitive damages.

## III.    Standard for Dismissal of *In Forma Pauperis* Complaint

Where a case proceeds *in forma pauperis*, the court screens the complaint to

determine whether dismissal is proper for failure to state a claim upon which relief may be

---

[2]Ms. Fuller is not named as a defendant in this action.

granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  The same standard of review applies for dismissals under § 1915(e)(2)(B)(ii) as that applied to Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim.  *See Kay v. Bemis*, 500 F.3d 1214, 1217-1218 (10th Cir. 2007).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir.1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Notwithstanding, the court "need not accept conclusory allegations without supporting factual averments." *Southern Disposal, Inc., v. Texas Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir.1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1940.

## IV.    Analysis

### A.    Due Process Violation

"The Due Process Clause of the Fourteenth Amendment ensures that one cannot be deprived of a property right absent due process of law." *Potts v. Davis County*, 551 F.3d 1188, 1192 (10th Cir. 2009) (citation omitted).  Here, Plaintiff alleges an individual, Larry Wallace, in essence stole his car by fraudulently placing a lien against the car for repair services.  Plaintiff does not allege any facts demonstrating the named defendants were involved in the unlawful taking of his car.  Plaintiff's failure to allege facts demonstrating personal participation by the defendants in the alleged violation of his constitutional rights is fatal to his claim.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996) ("[P]ersonal participation is an essential allegation in a § 1983 claim." (quotation omitted)).[3]

Instead, Plaintiff's claim against the defendants is that they have denied him the right to pursue criminal charges against Mr. Wallace.  Accepting these allegations as true, Plaintiff has failed to allege facts demonstrating a violation of his constitutional rights.

Plaintiff has no constitutional right to pursue a criminal action against Wallace because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also*

_____

[3]Moreover, even if Defendants could somehow be accountable for the deprivation of property, Plaintiff has failed to allege facts demonstrating that adequate post-deprivation remedies do not exist. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). It appears adequate remedies would be available under Oklahoma law. *See, e.g.*, Okla. Stat. tit. 12, § 1571 (replevin); Okla. Stat. tit. 51, §§ 151-171 (Governmental Tort Claims Act).

*Jones v. Orth*, No. 00-3235, 2000 WL 1854015 at * 1 (10th Cir. Dec. 19, 2000) (unpublished op.) (affirming dismissal of §1983 claim against chief of police for failing to prosecute another citizen because "[a] private individual has no federal right to the prosecution of another"); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir .1989) (a private citizen has no authority to initiate a criminal prosecution); *Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir.1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted).

Furthermore, whether to pursue criminal charges is a matter of prosecutorial discretion and "[a] prosecutor's charging decisions are absolutely immune from civil suit for monetary damages." *Becker v. Kroll*, 494 F.3d 904, 925 (10th Cir. 2007); *see also Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (affirming dismissal of inmate's § 1983 claim against county sheriff for failure to press criminal charges against officers who had allegedly assaulted inmate; the decision whether to file or not file criminal charges is subject to prosecutorial immunity); *Robinson v. Gillespie*, No. 02-4136-SAC, 2003 WL 21667167 at *4 (D. Kan. June 4, 2003) (unpublished op.) ("Prosecuting attorneys are absolutely immune from suit under § 1983 for decisions to prosecute, *Hammond v. Bales*, 843 F.2d 1320, 1321 (10th Cir.1988); to not prosecute, *Dohaish v. Tooley*, 670 F.2d 934, 938 (10th Cir.), *cert. denied*, 459 U.S. 826 (1982); and for any related investigatory or evidence gathering functions undertaken in connection with the prosecutorial function. *See Scott v. Hern*, 216 F.3d 897, 909 (10th Cir. 2000) (prosecutor's immune conduct includes investigation, or lack

thereof).").   Accordingly, Plaintiff has failed to state a § 1983 claim for relief against the

defendants.[4]

**RECOMMENDATION**

It is recommended that Plaintiff's action be dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii).  The dismissal should be counted as a "prior occasion" or strike pursuant

to 28 U.S.C. § 1915(g) after Plaintiff has exhausted or waived his right to appeal.  *See*

*Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir.

1999).

---

[4]In the context of the First Amendment, the Tenth Circuit has recognized that "filing a criminal complaint with law enforcement officials constitutes an exercise of the First Amendment right to petition the government for the redress of grievances." *Meyer v. Board of County Commr's of Harper County, Oklahoma*, 482 F.3d 1232, 1243 (10th Cir. 2007) (internal quotations and citation omitted).  In recognizing this right, the Tenth Circuit has distinguished between "the right to *present* a criminal complaint" and "the rule that a private person has no cognizable interest in the criminal prosecution of another." *Id*. at 1243, n. 5 (emphasis added).  Thus, a § 1983 plaintiff does not have the right to "force the local prosecutor to *pursue* [his] charges" but does have the right to "*access* judicial procedures for redress of [his] claimed wrongs and set in motion the governmental machinery." *Id*. (emphasis in original; internal quotations and citation omitted).

Here, Plaintiff does not bring a First Amendment claim.  Even if such a claim had been asserted, however, the claim would be subject to dismissal.  Accepting Plaintiff's allegations as true, he alleged he submitted letters to Defendants Franklin and Kell, mailed notarized affidavits to Defendants Franklin, Kell and Burns, and submitted written requests and grievances to Defendant Kell who then contacted Defendant Franklin. *See* Complaint, Supporting Facts, ¶¶ 4-7; *see also id.,* Attachments, Requests to Staff and correspondence to "State Attorney General."  Attachments to the Complaint demonstrate Plaintiff was provided the information he requested – addresses and telephone numbers – to make contact with various law enforcement, and Plaintiff alleges that he has sent written complaints to the Verden Police Department, the Chickasha Police Department and the Grady County prosecutor.  Plaintiff's own allegations, therefore, demonstrate he was not denied the right to present a criminal complaint.  Plaintiff alleges Defendant Franklin stated Plaintiff did not have the right to *file* a criminal complaint.  Such a statement is correct.  Indeed, as set forth above, whether to pursue criminal charges is a matter of prosecutorial discretion.  Accordingly, Plaintiff's allegations fail to implicate any First Amendment concerns.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by August __17th__, 2009. *See* LCvR72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __28th__ day of July, 2009.


_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE